LEWIN et al. v. WELSBACH LIGHT CO. et al.

(Circuit Court, E. D. Pennsylvania. May 3, 1897.)

1. EQUITY JURISDICTION—SUFFICIENCY OF BILL.
A bill which sets forth that the respondents have brought suit against the complainants for the alleged infringement of a certain patent, and that in advance of any adjudication of the validity of the patent the respondents have circulated among the customers of the complainants, with intent to destroy the complainants' business, circulars which are "false, injurious, malicious, scandalous, threatening, and intimidating," alleges facts which, if sustained, entitle the complainants to equitable relief.

2. SAME—GROUND OF RELIEF.
Where a bill in equity is brought, by a respondent in a suit based upon the alleged infringement of a patent, to restrain the complainant in the patent suit from threatening and intimidating the customers of the respondent in that suit from dealing with it, the only legitimate inquiry is whether the acts and conduct of the complainants in the former suit are such as a court of

equity should restrain the owner of a presumptively valid patent from doing and pursuing.

3. EQUITY PLEADING—DEMURRER—ADMISSION.

Where, in such a case, the bill contains an allegation that the patents of the respondents are invalid, and, even if valid, are not infringed, a demurrer to the bill is neither an admission nor a denial of invalidity or noninfringement, but simply challenges the right of the complainants to have either of these questions tried in the manner proposed.

4. SAME—SUFFICIENCY OF BILL—ALLEGATION OF CONSPIRACY.

The allegation of conspiracy in such a bill is of no potency, since, if what has been done is wrongful, its continuance should be enjoined, if done only by one of the defendants, as if done by both of them in co-operation; and, if what has been done is not wrongful, the fact that the defendants may have combined to do it would not make it so.

Charles G. Coe and Strawbridge & Taylor, for complainants.
Wm. Findlay Brown and John R. Bennett, for defendants.

DALLAS, Circuit Judge. The bill sets forth that the complainants are now endeavoring to become active competitors of the defendants in the sale of incandescent lights, etc., and that one of the defendants manufactures such lights, etc., and the other of them is engaged in selling goods made by the former. It states that the Welsbach Light Company has brought suit against these complainants, in this court, for alleged infringement of a certain patent, and that the complainants have duly appeared in that suit. It avers that the patent so sued upon is solely for a process, and that the complainants cannot be held to be infringers thereof, because, as alleged, they are not manufacturers, but are exclusively engaged in selling the products of a certain manufacturer, against whom the Welsbach Light Company has brought suit, in the Southern district of New York, for alleged infringement of the same patent, and which suit the said manufacturer, who is amply responsible, is vigorously contesting. The bill also avers that the patent referred to is now invalid, under section 4887 of the Revised Statutes, by reason of the expiration of a certain Spanish patent for, as alleged, the same invention. The foregoing is the substance of paragraphs 1 to 8 of the bill. The gist of the complaint is presented in the paragraphs which follow, and may, I think, be fairly reduced to the statement that the defendants in this suit, with knowledge of the matters already mentioned, and with intent to destroy the complainants' business, have conspired to threaten, intimidate, and prevent the customers, present and prospective, of the latter, from dealing with them, "by the systematic and formulated plans, methods, and concerted conduct and action, in manner and form following," namely, by publishing and distributing "false, injurious, malicious, scandalous, threatening, and intimidating circulars or printed letters," containing intimidating threats of suit on the patent before referred to; by distributing such circulars among the customers and prospective customers of the complainants, and among the trade and the public generally; by spying upon the complainants' business, with the aid of detectives and others, and thus ascertaining their customers; by causing the defendants' attorneys to write letters to the complainants' customers (so ascertained), threatening suit against them on the patent aforesaid;

and by causing the agents of the defendants to call upon the customers of the complainants and make like threats. The prayers are for an injunction to restrain the commission of the acts complained of, and for a decree for such damages as may be found by a jury upon a feigned issue to be awarded.

The allegation that the patent under which the defendants justify is invalid, and, even if valid, is not infringed by the complainants, is one which, of course, might be made in defense of the suit which it is admitted the defendants have brought against the complainants. However impregnable that defense may be thought to be, it must be maintained in that proceeding before its availability can be assumed or adjudged in another. It is a mistake to suppose that, by demurring, the defendants have conceded its sufficiency. The demurrer avers that the bill does not show title to the relief sought, but this averment involves neither admission nor denial of invalidity or of noninfringement, but simply challenges the right of the complainants to have either of those questions tried in the manner they propose; and, in my opinion, it is clear that they are not entitled to have them tried in this suit. Accordingly, the only legitimate inquiry now is: Are the acts and conduct of the defendants, as alleged in the bill, such as a court of equity should restrain the owner of a presumptively valid patent from doing and pursuing? The allegation of conspiracy is of no potency. If what has been done is wrongful, its repetition or continuance should be enjoined quite as surely if done by only one of the defendants as if done by both of them in co-operation; and it is also true that, if that which has been done or is anticipated is not wrongful, the fact that the defendants may have combined to do it would not make it so. I attach no importance to the circumstance that the defendants have informed themselves respecting the customers of the complainants, or to their method of doing so. It is not asserted that this, in itself, has worked any injury to the complainants. It is the use made of the information so obtained, and not the obtaining it, which is the real ground of complaint. What, then, does the bill allege that the defendants have actually done to the injury of the complainants? If nothing more were alleged than that the defendants have given notice, in good faith and in temperate language, of their purpose to proceed against alleged infringers, I would have no hesitation in holding that they had not exceeded their right. But the bill goes somewhat further. It alleges the intent of the defendants to be, not to protect and maintain their own rights, but, under color and pretense of that object, to destroy the complainants' business, in advance of any adjudication of the question of their right to maintain and continue it, and that, in pursuance of such intent, the circulars or letters complained of have not been properly framed, but are "false, injurious, malicious, scandalous, threatening, and intimidating." It is not manifestly impossible that this allegation may be sustained, and in such manner as to entitle the complainants to relief, though I may say that it does not seem to me to be probable, in view of the fact that the complainants have themselves been sued on the patent, that the defendants' good faith in notifying their purpose to proceed against other alleged infringers

(if that is the substance of all they have done) can be successfully attacked; and the criticism of defendants' counsel upon the omission to set out any of the circulars in the bill calls attention to a matter which may be not without significance. If, upon the one hand, those circulars should turn out to be such notices as the defendants could rightly give; or if, on the other hand, they shall, when produced, appear to be mere libels,—this suit could not be sustained. But my examination of the case, as it is now presented, has led me to believe that the bill should be retained, but that the questions which have been adverted to should be reserved for further consideration hereafter; and, accordingly, the demurrer is overruled, but without prejudice, and with leave to the defendants to again present the same matter by answer.