ADRIANCE, PLATT & CO. v. NATIONAL HARROW CO.

(Circuit Court, S. D. New York.   December 5, 1899.)

INJUNCTION—GROUNDS—THREATENING SUITS FOR INFRINGEMENT OF PATENT.
    While a court of equity will not, in general, interfere by injunction to restrain the owner of a patent from publishing letters and circulars asserting the validity of his patent, that it is infringed by an article manufactured by another, and threatening suits for infringement against purchasers, yet the contents of such publications may be such as to entitle the party against whom they are directed to relief, under recognized principles of equity jurisdiction; and a bill alleging the issuance of such circulars by defendant, and that all the material statements therein made are false, fraudulent, and malicious, and made with intent to destroy complainant's business, cannot be dismissed on demurrer.

On Demurrer to Bill.

S. D. Bentley, for complainant.
E. H. Risley, for defendant.

COXE, District Judge.   The issues involved were so thoroughly discussed at the argument that but little need be added.   It was thought then, and it is thought now, that upon the last analysis the complainant's right to recover will depend upon the answer to the following question:   Has this court jurisdiction to restrain a defendant, who is the owner of a large number of patents relating to harrows, from publishing letters and circulars, alleged by the complainant to be false, asserting that harrows made by the complainant infringe defendant's patents and threatening persons purchasing such harrows with suits for infringement?   It was thought that before the parties incurred the large expense of taking testimony it was for the advantage of both that this question of law should be settled.   The suggestion was made by the court that the bill be amended by striking out the general allegations which describe and characterize the contents of the circulars and by substituting therefor the circulars themselves, in order that the court might be informed of the precise scope and nature of the accusation.   This disposition of the matter seemed at the argument to commend itself to the complainant, but the amendment has not been made and the court is thus compelled to consider the question upon the bill in its present form.

The argument in favor of jurisdiction will be found in Emack v. Kane (C. C.) 34 Fed. 46, and the argument against it in Kidd v. Horry (C. C.) 28 Fed. 773, and Kelley v. Manufacturing Co. (C. C.) 44 Fed. 19.

In every case where the circulars simply assert the validity of the writer's patent, the infringement thereof and threaten suits against infringers, this court has uniformly refused to interfere, following the rule of the latter decisions.   The doctrine upon which the bill relies is an exotic of recent origin which has received but scant favor in the courts of this country.   The moment it becomes a recognized branch of our jurisprudence courts of equity will be urged persistently to intrude into the affairs of trade and dictate the language in which merchants shall advertise their wares.   It will foster a system of vexatious judicial parentalism which will create more evils than it will

cure. Commerce needs no such factitious aid. On the other hand, cases of such rank injustice may arise that the interference of a court of equity may be necessary. For instance, should A., an admittedly irresponsible party, holding no patent of any kind, assert that he owns a valid patent covering a device manufactured by B. and threaten to sue the latter's customers, falsely stating that B. is insolvent and unable to protect them; it may be that in such circumstances a court of law can furnish no adequate protection. The court is not prepared to say that a case may not be so saturated with fraud, falsehood and malice as to require the summary interference of a court of equity. Although it is reasonably certain that the case at bar is not such a case, it is also clear that such a case may be proved under the sweeping allegations of the bill, which charges, in brief, that all the material statements of the circulars are false, fraudulent and malicious and made with intent to destroy the complainant's business. Under such allegations it is possible to prove a more flagrant case than the one appearing in Emack v. Kane, supra. A bill under which such a wide range of proof is permissible should not be dismissed on demurrer. The demurrer is overruled.