A. B. FARQUHAR CO., Limited, v. NATIONAL HARROW CO.

(Circuit Court of Appeals, Third Circuit. June 1, 1900.)

No. 30.

INJUNCTION—GROUNDS—THREATENING SUITS FOR INFRINGEMENT OF PATENTS.
   While the owner of a patent may lawfully warn others against infringement, and, by means of circulars or letters distributed among agents and customers of a manufacturer of goods claimed to infringe, give notice of his rights as he understands them, and of his intention to enforce them by suits, when done in good faith, the sending of such notices and circulars in bad faith, and without any intention of bringing the suits therein threatened, but solely for the purpose of destroying the business of such manufacturer, constitutes a fraudulent invasion of property rights, against which the party injured is entitled to relief in equity by injunction.

Appeal from the Circuit Court of the United States for the District of New Jersey.

William C. Strawbridge and John G. Johnson, for appellant.

E. H. Risley and Risley & Love, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

DALLAS, Circuit Judge. We entirely concur in the statement of the court below that "the patent owner is justified in using all lawful means to protect his monopoly," and that "he may give notice of his rights as he understands them, and of his intention to ask the courts

to enforce them in suit to be brought for the purpose." But the bill in this case, which was dismissed on demurrer (99 Fed. 160), charges the defendant with something more than the use of lawful means to protect its monopoly. It alleges, not merely that the defendant is giving notice of its rights and of its intention to enforce them, but that it—

"Is now endeavoring to break up and destroy the harrow business of your orator, and to drive it out of the field of the manufacture of spring-tooth harrows, * * * by the circulation among the customers and agents of your orator of letters, addressed and mailed to said customers and agents, in and by which said customers and agents are falsely and maliciously informed that the harrows of your orator's manufacture, handled by said customers and agents, are infringements upon patents owned by the defendant corporation; * * * that the threats of the defendant company against the customers and agents of your orator are rendered the more effective and harmful to the business of your orator by circulars in which, by innuendo, it is conveyed to customers and agents of your orator, and contrary to the fact, as the defendant, the National Harrow Company, and its officers, well know, that your orator is not able to fulfill, by reason of lack of means, and will otherwise evade, guaranties given by your orator to its customers and agents to protect them against suits for infringement brought by the National Harrow Company against them; that said threats of the defendant against the customers and agents of your orator are rendered still more effective by the circulation by the defendant company of notices in and by which it is falsely stated and pretended that certain patents owned by the defendant company have been adjudicated and sustained in contested cases, and injunctions issued against the defendants therein; that the defendant has continued for many years, and particularly for the past three years, the sending of the letters and circulars hereinbefore referred to, to the customers and agents of your orator, for the purpose of breaking up and destroying your orator's business in spring-tooth harrows: that the threats of suit against the customers and agents of your orator are not made in good faith, or with any intention of instituting suit against such customers or agents or against your orator."

Assuming, as on demurrer must be assumed, the truth of these allegations, we are of opinion that the court below erred in holding them insufficient to entitle the complainant to relief in equity. Where notices are given or circulars distributed in good faith to warn against infringement, no wrong whatever is committed; but where, as is here averred, they are not made or issued with such intent, but in bad faith, and solely for the purpose of destroying the business of another, a very different case is presented. In such a case property rights are fraudulently assailed, and a court of chancery, whose interposition is invoked for their protection, should not refuse to accord it. Emack v. Kane (C. C.) 34 Fed. 46; Kelley v. Manufacturing Co. (C. C.) 44 Fed. 23, 10 L. R. A. 686; Casey v. Union (C. C.) 45 Fed. 135, 12 L. R. A. 193; Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Co. (C. C.) 54 Fed. 730, 19 L. R. A. 387; Computing Scale Co. v. National Computing Scale Co. (C. C.) 79 Fed. 962; Lewin v. Light Co. (C. C.) 81 Fed. 904; Railway Co. v. McConnell (C. C.) 82 Fed. 65; Adriance, Platt & Co. v. National Harrow Co. (C. C.) 98 Fed. 118; In re Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092. The objection that the "bill is lacking in allegations necessary to establish jurisdiction of the circuit court" is not well taken. Herbert v. Rainey (C. C.) 54 Fed. 248–251; Toledo, A. A. & N. M. Ry. Co. v. Pennsylvania Co., supra.

The decree is reversed, and the cause will be remanded to the circuit court, with direction to enter a decree disallowing the demurrer to the bill of complaint, and with leave to the defendant to answer within such time as that court may prescribe.