DAVISON et al. v. NATIONAL HARROW CO.

(Circuit Court, N. D. New York. July 24, 1900.)

No. 6,866.

INJUNCTION—THREATENING SUITS FOR INFRINGEMENT OF PATENT.

A court will not grant an injunction pendente lite restraining the defendant from sending circulars to agents and customers of complainant threatening suits for infringement of patents, so long as there remains a reasonable doubt as to the propriety of such course, and where the answer denies all allegations of fraud, malice, and bad faith, and asserts the truth of the matters contained in such circulars, and that they were issued in good faith.

In Equity. On motion for preliminary injunction.

R. R. Martin, for complainants.

E. H. Risley, for defendant.

COXE, District Judge. This is a motion for an injunction restraining the defendant from sending circulars threatening the customers of the complainants with infringement suits. The views of the court upon the point in issue have been so often stated, not only in writing but orally in the presence of counsel engaged in the prolific and apparently endless litigation between these parties, that it is unnecessary to reiterate them. There is no change so far as the law is concerned except the contribution recently made by the circuit court of appeals of the Third circuit in the Farquhar Case, 102 Fed. 714. This decision is authority for the proposition that a bill charging the issuing of false, fraudulent and malicious circulars solely for the purpose of destroying the business of the complainants cannot be held bad on demurrer. In the Adriance Platt Case (C. C.) 98 Fed. 118, this court took substantially the same view, but there is a manifest difference between overruling a demurrer and granting an injunction pendente lite. In the present case an answer has been interposed de-

nying the material allegations of the bill and alleging the truth of the circulars in question and the good faith of the defendant in sending them out. Indeed, it would seem that they were directly induced by a statement inserted by the complainants in a trade paper describing a litigation in Michigan which resulted in their favor and against the National Harrow Company. This statement in no way minimizes the character and scope of the complainants' victory. The decision is pronounced "very far-reaching" and as settling the question that the complainants' harrows do not infringe the defendant's patents. If it be true that in an action upon one patent the question of infringement was determined as to a hundred patents it is clear that the complainants were correct in describing the decision as "far-reaching." It is, however, safe to assume that the learned judge confined his decree to the patent in issue and that the carrying power of the decision has been somewhat overestimated by the complainants. The statement concludes with the following conciliatory advice:

"If the soothing powder which Judge Swan has administered to the National Harrow Company does not lull them into a Rip Van Winkle sleep and they issue more of their circulars to the trade, please consign them to the waste-paper basket and remember that 'barking dogs do not bite.'"

The judge's powder failed to produce the anticipated soporific condition. On the contrary, the decision, coupled with the liberal construction thus placed upon it by the complainants, produced an exactly opposite effect. The agents of the defendant, who manage its department of literature, have ever since been suffering from an attack of apparently incurable insomnia. On previous occasions they have shown some little familiarity with the art of advertising, but never before have they been so perniciously active as during the past few months. Not only have they kept up a well sustained system of "barking," but they have done some "biting" as well, in the form of suits against 9 or 10 alleged infringers of one of the defendant's patents. The circulars and letters, which, at the time this action was commenced, were descending upon the farmers from a seemingly inexhaustible supply are all, substantially, of the same purport. They contain an assertion that the Davison harrow infringes the defendant's patents and particularly the patent granted to Reed and Clark. Dealers who purchase the Davison harrow are threatened with prosecution. A list of those against whom suits have been commenced is given and also a list of defendant's licensees with a statement that harrows can be bought of them which are free from any charge of infringement. One of the complainants' customers has received 13 of these warnings, and that substantial duplicates of the same notice have been sent again and again to the same persons is not disputed. Although it would seem that the defendant is fast reaching the point, if indeed it has not already reached it, where its conduct may be deemed unnecessarily harsh and oppressive, the court should hesitate to interfere by injunction so long as there remains a reasonable doubt as to the propriety of such a course. In these causes the court is embarking, with only a crude chart, upon a newly-discovered sea filled with rocks and dangerous shoals, and should, therefore, proceed with the utmost caution. The court is not

convinced that at present a case for an injunction is presented. The long-continued controversy between these parties, which has for years occupied the attention of the court, both at law and in equity, has now reached a condition when it can be speedily and definitively settled. The defendant insists that the complainants infringe its valid patents. The complainants deny this. Among the suits recently commenced several are in this district and one is against parties residing in the county of Oneida. The complainants can select any one of these suits and press it to a final hearing. Then the vexed questions of patentability and infringement will be settled so that all parties will know their rights. Pending this determination both parties should hold their peace. The defendant is no longer under obligation to inform dealers of its position. If they do not understand the situation now the sending of additional circulars will not enlighten them. In the last notices sent out the defendant says:

"We have spent so much time and money in notifying dealers about these infringements that we feel that no dealer can now be handling them innocently, and we have determined henceforth to sue any dealer found handling these infringing harrows wherever they are found."

The court fully agrees with the defendant that the time for words has passed and the time for action has arrived. No legitimate purpose can now be accomplished by reiterating these statements and if they are continued the presumption will be strong that this is done with the intent to harass and annoy the complainants and their customers.

The peculiar circumstances attending this controversy make it proper to indicate what, in certain conditions, may be the action of the court in the future. Should the defendant continue to issue circulars, similar to those in proof, pending the trial of the infringement suit, it is not improbable that an injunction will be granted provided the complainants refrain from publishing provocative statements. If neither party places any obstacle in the way a decision of the infringement suit should be reached within six months from this date and during that period, at least, the parties should desist from appeals to the public. If the defendant violates this reasonable armistice the motion may be renewed upon proofs of the facts above suggested.