ELECTRIC RENOVATOR MFG. CO. v. VACUUM CLEANER CO. et al.†

(Circuit Court, W. D. Pennsylvania. August 5, 1911.)

No. 96.

INJUNCTION (§ 99*)—GROUNDS—UNFAIR COMPETITION IN BUSINESS—THREATENING SUITS.

A defendant, who, after claiming that complainant was manufacturing articles infringing its patent, and being requested to bring suit to determine the question, instead of doing so, persistently and for nearly two years continued to send threatening letters and circulars to complainant's customers and persons who might become customers, but without bringing suit against any, is chargeable with bad faith and unfair business methods, which entitle complainant to an injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 172; Dec. Dig. § 99.*]

In Equity. Suit by the Electric Renovator Manufacturing Company against the Vacuum Cleaner Company and another. On motion to vacate preliminary injunction. Denied.

Watterson & Reid, for plaintiff.

Hillary C. Messimer and James Negley Cooke, for defendants.

ORR, District Judge. This matter comes before the court upon a motion on the part of the defendants to dissolve and vacate a pre-

liminary injunction heretofore granted. The preliminary injunction was granted upon bill and affidavits after notice to the defendants. The bill contains all the proper jurisdictional averments, and, in addition thereto, sets forth that the complainant is a manufacturer, and has been since April of 1907, of apparatus designed to renovate house furnishings, and that its apparatus and machines are well known to the public under the trade-name of "Invincible"; that its business has been steadily increasing, and that its gross receipts for the year 1910 were over $300,000, and that its gross receipts for the first four months of the current year were in excess of $143,000; that its business has extended generally throughout the United States; and that the complainant is solvent, is earning a fair profit, and is able to respond in damages and for profits, should it be determined that it is infringing certain letters patent granted to one Kenney March 19, 1907, and numbered 847,947.

The bill further sets forth that on the 21st of June, 1909, the defendant the Vacuum Cleaner Company threatened the complainant with suit for the infringement of said letters patent, stating in its communication that, in default of compliance with the said defendant's wishes, "we shall institute suit against you in the United States Circuit Court in order to obtain an injunction against the further marketing of vacuum cleaning machinery by you"; that on June 28, 1909, complainant replied through its attorneys that they did not consider that the complainant was infringing the said patent, and suggesting that the said defendant should bring its action, and at the same time the said counsel for the complainant notified the said defendant that the said defendant would be held strictly accountable for damages that may result from threatening letters and warning said defendant that, unless defendant made good its threats in a proper way in accordance with law, they would ask that the said defendant be restrained from attempting to intimidate users of complainant's machine; that notwithstanding such correspondence the said Vacuum Cleaner Company, without bringing suit which would enable complainant to attack the validity of said letters patent and have the question of infringement properly determined, continued to issue extensively false and malicious notices and threats of suit against the complainant's customers and intending customers. A number of letters are attached signed by the defendant the Vacuum Cleaner Company, in each of which there is notice to the person addressed that the "Invincible" vacuum cleaner plant is an infringement of the said patent, which is stated to be fundamental in character and of such scope as to completely dominate and control the art of vacuum cleaning. In each the person to whom the letter is addressed is requested to discontinue the use of the plant and account to said defendant for profits realized and for damages suffered, and each contains the following clause:

"We will at once institute suit in the United States Circuit Courts against all manufacturers and sellers of vacuum cleaning machinery. In due course we shall institute suit against you in order to obtain an injunction against the use of said plant and for damages for past use."

If the person to whom the letter was addressed desired further information relative to the matter, he is referred to the counsel for the said Vacuum Cleaner Company. The bill further avers that in the month of May, 1910, nearly a year after complainant's first communication with the said defendant the Vacuum Cleaner Company, the complainant by its attorneys wrote to the said defendant the Vacuum Cleaner Company, as follows:

"We have been informed by the Electric Cleaner Co., agents for our clients, the Electric Renovator Mfg. Co., of Pittsburgh, Penna., that you have been writing threatening letters to users of the Invincible Renovating Machines, notifying them that they are infringing upon your patents, and demanding that they discontinue the use of their machines and account to you for damages.

"You resorted to these same unfair tactics some time ago, and under date of June 28, 1909, we notified you on behalf of our clients that we had investigated your patents and had reached the conclusion that they were not being infringed by them, and at the same time we invited you to bring your action for infringement stating that we stood ready to defend our clients.

"Instead of acting in the proper legal way open to you (if you consider that your patents are being infringed), you have seen fit to harass and attempt to intimidate our client's patrons, which action on your part, we characterize as unfair and legally indefensible. We now take this opportunity to again inform you, as we informed you about a year ago, that we do not propose to submit to the tactics to which you are resorting in your attempts to secure business, and we shall hold you strictly accountable for damages that have resulted from your method of pursuing our client's patrons. If you are honest in your belief that our clients are invading upon whatever patent rights you may have, your counsel will doubtless inform you as to the proper course to pursue in order to protect your alleged rights. On behalf of our clients we simply wish to inform you that they do not propose to submit to the unfair methods you are now employing, and failing a discontinuance of these methods we shall seek relief in the courts for damages as well as a restraining order.

"We have made a personal canvass of the situation in New York, and are thoroughly informed as to your actions and methods, and are being kept advised as to the situation. We simply wish to say that unless you change your tactics immediately, you will have an opportunity to explain to the court why you should not be restrained and held accountable in damages."

The bill further charges that in or about June of 1910 the other defendant, the McCrum-Howell Company, claiming to be the owner by grant from its codefendant of the exclusive right to manufacture stationary vacuum cleaning apparatus under said letters patent, conspired with its licensor to commence, and did put into execution, a system of malicious persecution of the complainant by charging that the complainant and its agents, and the purchasers and users of its machines generally, were infringing the said letters patent, and threatening them with suits for infringement, and, for the purpose of intimidating complainant's agents, purchasers, and intending purchasers, asserted in circulars and otherwise that the complainant was financially unable to protect its agents and users, and attached to the bill is a copy of a circular addressed to manufacturers, dealers, and users of vacuum cleaning apparatus, entitled "Warning," and containing the following:

"Our patents have been acknowledged and settlements made, suits have been withdrawn and licenses issued by us to the following concerns: McCrum-Howell Company of New York (Purchasers of American Air Cleaning

Co. of Milwaukee, Wis.) Duntley Manufacturing Company of Chicago, Keller Manufacturing Company of Philadelphia. Any dealer or user buying apparatus from these firms is within his rights and will not be disturbed. All others may expect trouble until they comply with the law and obtain proper authority from us under our patents."

On April 19, 1911, a letter was sent out by the Vacuum Cleaner Company, in which the latter uses this language :

"You may suggest that your contract with the manufacturers protects you from any ultimate damages that we might claim. We only ask you to look into the standing of the people from whom you are buying. We think you will find that 90% of all of the unlicensed manufacturers are not strong enough to afford any real protection."

On April 11, 1911, the defendants jointly, by their counsel, wrote to the chairman of the board of trustees of the First Baptist Church of Pittsburgh, threatening suit against it because they had placed an order with the plaintiff company, and in that letter occurs this language :

"If I do not hear from you I will presume that you are satisfied with the usual two-year bond which you have secured from the infringing manufacturer to save you harmless in case of patent suits, but I caution you that while the injunction will probably be issued within that period of time, the judgment for money damages may not be entered until after the bond has expired, and that in any event you are involving yourself in the trouble and annoyance of a lawsuit."

The bill further avers that by reason of the threats and notices the complainant has been damaged in its business and has lost customers. To support the want of good faith charged against the defendants, the complainant in its bill calls attention to the averments in some of the communications issued by the defendants that the latter "had been most active" in prosecuting suits for infringement of said patent, whereas the fact is charged that the defendants have shunned an adjudication of the validity of the patent, and mention is made of different proceedings instituted by the said Vacuum Cleaning Company against users of vacuum cleaning apparatus, three of which were instituted in the Southern district of New York as early as the 10th of June, 1909, and in none of which has the case been brought to final hearing.

Inasmuch as the allegations of the bill were supported by affidavits, the court upon proof of notice to the defendants of the application for a preliminary injunction, being satisfied that unfair business methods had been resorted to and were being resorted to by the defendants, and adopting the views of the Circuit Court of Appeals of this Circuit in Farquhar Co., Ltd., v National Harrow Co., 102 Fed. 714, 42 C. C. A. 600, 49 L. R. A. 755, and the views of the Court of Appeals for the Second Circuit in Adriance, Platt & Co. v. National Harrow Co., 121 Fed. 827, 58 C. C. A. 163, issued an order "restraining the defendants, and each of them, their officers, agents and employés from further in any manner issuing or making any notice, warning, threat or statement charging the complainant, its officers, agents or employés, or any one engaged in selling or using vacuum cleaning apparatus manufactured by complainant, with infringement,"

of said letters 'patent, giving leave to the defendants to apply within ten days for a modification of said order. Subsequently, on May 19, 1911, the defendants moved for an order dissolving and vacating the preliminary injunction. There is nothing in the averments contained in the affidavits in support of the motion to amend the order which indicates that the defendants or either of them were acting in good faith in sending out the notices and warnings complained of in the bill. At that time no bill had been filed by the defendants against the complainant alleging the infringement of the Kenney patent. One had been prepared to be filed against the First Baptist Church of Pittsburgh, but on the argument of the motion to amend the order of injunction the court intimated strongly the view that until an action at law or in equity was brought against the complainant in the bill in this case for infringement of the patents claimed to be owned by the defendants the injunction would not be disturbed. It appears in the defendants' affidavits that many people have taken licenses under the defendant. This may have resulted from the campaign carried on by the defendants against users to the neglect of proceedings against manufacturers, although demanded by the latter.

It is not necessary to allude to all matters which indicate that the defendants were not desirous of having an adjudication of the Kenney patent. The following is sworn to by one of the counsel for the defendants:

"In April, 1909, a bill of complaint was filed against the American Vacuum Cleaner Company, of Newark, N. J., and for a long time this was the most active case involving the patent and might properly be considered the test case. While that suit was pending, however, the defendant company became bankrupt, and the trustee in bankruptcy was substituted as defendant and conducted the defense of the litigation. A large amount of testimony was taken, including something over a thousand printed pages of testimony relating to the so-called Westman prior use, which is considered one of the important defenses of the patent. This case is still pending, but for some time it has not been actively prosecuted, largely because the trustee in bankruptcy has. sold the manufacturing plant which has been closed down for over a year. Obviously there is nothing left in this case but the question of damages which might be recovered against a bankrupt concern."

It appears the testimony in the case referred to in that affidavit was printed to the extent of over 1,000 pages. It appears the trustee in bankruptcy was substituted and conducted the defense, and it appears that the case is still pending. The excuse for not proceeding with it to have an adjudication as to the validity of the patent is not good. With respect to apparatus so widely popular as the proceedings show vacuum cleaning apparatus to have become, the question of the validity of what the defendants in this suit call the basic or fundamental patent was far more important than the question of any damages that could be recovered from the bankrupt estate.

A matter has arisen since the application for a modification of the preliminary injunction was made which throws some further light upon the defendants' bad faith in adopting the methods which are complained of in the bill. A motion was made to adjudge the de-

fendants in contempt for violation of the injunction, and there was produced a circular letter signed by the defendant the McCrum-Howell Company under date of June 7, 1911, admittedly genuine, in which occurs this sentence, "We must protect our property from trespass. This we will do even though it becomes necessary to ask the courts to punish trespassers or infringers." A threat of punishment is intimidation and is unfair in the business world.

A preliminary injunction was properly issued; but, since the defendants have filed their bill against the complainant to have the question of the validity of the Kenney patent determined, the injunction will be somewhat modified, so as to read that:

"The defendants, and each of them, their officers, agents and employés, be, and they are hereby, enjoined, until the further order of this court, from further in any manner issuing or making any warning, threat, improper notice, or improper statement charging the complainant, its officers, agents, or employés, or any one engaged in selling or using vacuum cleaning apparatus manufactured by the complainant, with infringement of the letters patent of the United States granted on the application of David T. Kenney."