## FLYNN & EMRICH CO. v. FEDERAL TRADE COMMISSION.

### No. 3142.

Circuit Court of Appeals, Fourth Circuit.
Oct. 12, 1931.

George E. Kieffner and Redmond C. Stewart, both of Baltimore, Md. (Stewart & Pearre, of Baltimore, Md., on the brief), for petitioner.

Henry C. Lank, Sp. Atty., Federal Trade Commission, and Martin A. Morrison, Assistant Chief Counsel, Federal Trade Commission, both of Washington, D. C. (Robt. E. Healy, Chief Counsel, Federal Trade Commission, of Washington, D. C., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to review the action of the Federal Trade Commission in issuing an order that the petitioner cease and desist from threatening any person, firm, or corporation with suits in connection with patents claimed by petitioner covering a certain coal-feeding mechanism, known as the "Huber Semi-Mechanical Stoker," manufactured by petitioner.

The pertinent part of the order of the Commission reads as follows: "It is now ordered that the respondent, Flynn & Emrich Company, its officers, agents, representatives and employees, in connection with the sale of its stokers in interstate commerce, cease and desist from directly or indirectly threatening any person, firm or corporation with patent infringement, damage or other suit or suits in bad faith for the purpose of diverting the trade of any competitor or competitors to it and without intention to sue."

This order was entered after action regularly taken by the Commission and after the matter was referred to an examiner, who

heard the testimony of witnesses and made his report.

The facts as found by the Commission were that the petitioner is a Maryland corporation, with its place of business in Baltimore, engaged in the manufacture and sale of stokers, grates, and coal-feeding mechanisms; that petitioner in carrying on its business is engaged in interstate commerce in active competition with others engaged in the manufacture and sale of similar products; that among the competitors of petitioner is the Perfection Grate & Stoker Company of Springfield, Mass., also known as the Perfection Grate & Supply Company; that petitioner's stoker was covered by letters patent; that, after consultation with reputable patent attorneys, and upon their advice, petitioner informed its salesmen that the stoker sold by the Perfection Company was an infringement upon petitioner's patent, and furnished these salesmen with papers showing the patents and alleged infringements; that these salesmen called upon five customers who either had purchased or were in the act of purchasing stokers from the Perfection Company, and told them of petitioner's patent claims, and warned the purchasers that they might become liable for infringement; that during the period between December, 1925, and March, 1927, while these salesmen were making these representations, the petitioner had not decided to sue, and had not done so in March, 1929, when the Commission issued the complaint in this cause; that petitioner's instructions to its salesmen were not given in good faith and were given for the purpose of preventing, hindering, and obstructing a competitor from making sales of its products.

From these facts the Commission concluded that petitioner's actions were to the prejudice of the public and petitioner's competitors, and constituted unfair methods in competition in commerce within the intent and meaning of section 5, of an Act of Congress entitled "An Act To create a Federal Trade Commission, to define its powers and duties, and for other purposes," approved September 26, 1914 (15 USCA § 45).

In its answer to the complaint the petitioner admitted instructing its salesmen that they could claim infringement of the patents, but insisted that these instructions were given in good faith; that the patents were being infringed by the Perfection Company, and that no suit had been brought because of the expense necessarily involved in the litigation, no matter how it might terminate.

The record also shows correspondence between the petitioner and the Perfection Company, in which the petitioner threatened suit for infringement, and the Perfection Company on the other hand threatened suit to enjoin petitioner and its agents from continuing the representations, but no suit was brought by either company.

The examiner, to whom the matter was referred by the Commission, took the testimony of witnesses and reported his findings. This report concluded as follows: "I find on the evidence that the instructions given to its salesmen by the respondent were made in good faith and for the purpose of protecting the rights which they were advised by their attorneys were secured by the letters patent, and were not for the purpose of hindering, embarrassing or otherwise eliminating competition of the Perfection Grate & Supply Company."

This report of the examiner was brought up to this court as addendum to the record, and it is contended by the attorneys for the Commission that the report should not be considered for the reason that it is no part of the record in the case, and they cite the following cases in support of their contention: Raladam Co. v. Federal Trade Commission (C. C. A.) 42 F.(2d) 430; J. W. Kobi Co. v. Federal Trade Commission (C. C. A.) 23 F.(2d) 41; Moir et al. v. Federal Trade Commission (C. C. A.) 12 F.(2d) 22; Q. R. S. Music Co. v. Federal Trade Commission (C. C. A.) 12 F.(2d) 730.

While it is difficult to understand just why the report of an examiner, who has taken the testimony, heard and seen the witnesses, and observed their demeanor, should not be included in the record, yet, in view of our conclusion on the other points involved in the case, it is not necessary to decide this question or to give the examiner's report any consideration.

As was said by Mr. Justice Sutherland in the case of the Federal Trade Commission v. Raladam Co., 283 U. S. 643, 51 S. Ct. 587, 589, 75 L. Ed. 1324: "By the plain words of the act, the power of the Commission to take steps looking to the issue of an order to desist depends upon the existence of three distinct prerequisites: (1) That the methods complained of are unfair; (2) that they are methods of competition in commerce; and (3) that a proceeding by the Commission to prevent the use of the methods appears to be in the interest of the public."

In considering the first of these requisites, it must be remembered that the Federal Trade Commission Act § 5 (15 USCA § 45), provides that "the findings of the commission as to facts, if supported by testimony, shall be conclusive." The question of faith, "good" or "bad," is clearly a finding of fact, and inferences reasonably to be drawn from the facts are "for the Commission." Federal Trade Commission v. Pacific States, etc., 273 U. S. 52, 47 S. Ct. 255, 71 L. Ed. 534.

An examination of the record in this case fails to disclose any testimony to support a finding of bad faith on the part of the petitioner. Good faith is always presumed until the contrary is shown by proof. Here the petitioner, in claiming infringement, did only what its officers undoubtedly thought they had a perfect right to do and what they had been advised to do by their attorneys, who were clearly acting in perfect good faith. There was certainly no more wrong involved in petitioner's threat to sue the Perfection Company for infringement of their patents than there was in the act of the Perfection Company in threatening to sue to enjoin the petitioner and not doing it. A reading of the record leads to the inevitable conclusion that in doing what they did officers of petitioner did only what they thought, and were advised, they had a right to do to protect their legitimate interests. The reason given for the fact that no suit was brought was certainly a logical and reasonable one.

For decisions bearing on what one, who believes his patents are being infringed, may or may not do without being held to be acting in bad faith, the following are cited: Atlas Underwear Co. v. Cooper Underwear Co. (D. C.) 210 F. 347; Price-Hollister Co. v. Warford Corp. (D. C.) 18 F.(2d) 129; Kelley v. Ypsilanti, etc., Co. (C. C.) 44 F. 19, 10 L. R. A. 686; Heuser v. Federal Trade Commission (C. C. A.) 4 F.(2d) 632; Racine Paper Goods Co. v. Dittgen (C. C. A.) 171 F. 631; Farquhar Co. v. National Harrow Co. (C. C. A.) 102 F. 714, 49 L. R. A. 755; Warren Featherbone Co. v. Landauer et al. (C. C.) 151 F. 130; Electric Renovator Manufacturing Co. v. Vacuum Cleaner Co. et al. (C. C.) 189 F. 754; Adriance, Platt & Co. v. National Harrow Co. (C. C. A.) 121 F. 827.

In considering the third requisite we are again confronted with what we consider an error of the Commission, as there was no public interest involved. The testimony shows that the only competitor involved was the Perfection Company. Only five purchasers of stokers were approached by petitioner's salesmen, and not one of these was prevented from purchasing the Perfection Company's appliance. There is no evidence, or even contention, that petitioner's stoker was in any way inferior to the Perfection Company's stoker, or that any attempt was being made to impose upon the public by the sale of an inferior article. The courts have uniformly held that parties claiming infringement without suing and in bad faith can be enjoined from continuing such a course. Sun-Maid Raisin Growers v. Avis et al. (D. C.) 25 F.(2d) 303, and cases there cited.

The case here is rather a controversy of a private and personal nature between the petitioner and the Perfection Company, and could have been readily settled in the courts, and if a proper case were made an injunction would have issued against the petitioner. Certainly Congress never intended that the machinery of the Federal Trade Commission, severe as its operation can be made, should be set in motion for the settlement of private controversies, when the courts can act. The official character of the Commission makes it all the more necessary that it act only when the public interest is involved. It was never intended that the Commission should act the part of a petty traffic officer in the great highways of commerce.

A discussion of this question will be found in Federal Trade Commission v. Klesner, 280 U. S. 19, 50 S. Ct. 1, 3, 74 L. Ed. 138, 68 A. L. R. 838, where Mr. Justice Brandeis, in an able opinion, says:

"While the Federal Trade Commission exercises under section 5 the functions of both prosecutor and judge, the scope of its authority is strictly limited. A complaint may be filed only 'if it shall appear to the Commission that a proceeding by it in respect thereof would be to the interest of the public.' This requirement is not satisfied by proof that there has been misapprehension and confusion on the part of purchasers, or even that they have been deceived—the evidence commonly adduced by the plaintiff in 'passing off' cases in order to establish the alleged private wrong. * * *

"In determining whether a proposed proceeding will be in the public interest the Commission exercises a broad discretion. But the mere fact that it is to the interest of the community that private rights shall be respected is not enough to support a finding of public interest. To justify filing a complaint the public interest must be specific and sub-

stantial. Often it is so, because the unfair method employed threatens the existence of present or potential competition. Sometimes, because the unfair method is being employed under circumstances which involve flagrant oppression of the weak by the strong. Sometimes, because, although the aggregate of the loss entailed may be so serious and widespread as to make the matter one of public consequence, no private suit would be brought to stop the unfair conduct, since the loss to each of the individuals affected is too small to warrant it. * * *

"The undisputed facts, established before the Commission, at the hearings on the complaint, showed affirmatively the private character of the controversy. It then became clear (if it was not so earlier) that the proceeding was not one in the interest of the public; and that the resolution authorizing the complaint had been improvidently entered. * * * "

A study of the facts in the Klesner Case shows a marked similarity to the facts in the instant case, and the decision of the Supreme Court there is controlling here. See, also, Raladam Co. v. Federal Trade Commission (C. C. A.) 42 F.(2d) 430, afterwards affirmed in Federal Trade Commission v. Raladam Co., supra.

 The record shows no basis for the action of the Commission in finding that petitioner had acted in bad faith, and the order to cease and desist was erroneous. The prayer of the petition is granted.